UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CONRAD RICHARD

VERSUS

THE LOUISIANA IND
FOR THE DISABLE

CIVIL ACTION

NO. 10-426-BAJ-CN

## RULING

This matter is before the Court on a motion by defendant, Louisiana Industries for the Disabled, for summary judgment and for sanctions under Rule 11 (doc. 20). Pro se plaintiff, Conrad Richard, has filed no opposition to the motion. Jurisdiction is based on 28 U.S.C. § 1331.

Plaintiff initiated this matter on June 25, 2010, asserting claims of age discrimination, disability discrimination, and retaliation against his former employer, Louisiana Industries for the Disabled. In support of its motion for summary judgment and pursuant to Local Rule 56.1, defendant has submitted the following facts which it claims are material to the motion for summary judgment.[1] Because plaintiff has not controverted the facts submitted, these facts are deemed admitted pursuant to Local Rule 56.2:[2]

---

[1] Some facts submitted are not repeated here on the ground that they are not material to this ruling.

[2] Uniform Local Rule 56.2 provides:
    Each copy of the papers opposing a motion for summary
    judgment shall include a separate, short and concise statement of

1. Plaintiff has not worked for defendant at any time after January 28, 2008.

2. Plaintiff filed a Charge of Discrimination with the EEOC on or about February 21, 2008, alleging race discrimination and retaliation.

3. The EEOC issued a Dismissal and Notice of Rights letter on January 8, 2009.

4. Plaintiff filed a lawsuit in this court bearing Civil Action Number 09-195 alleging claims of race discrimination and harassment, retaliation, age discrimination and disability discrimination.

5. Plaintiff's age and disability discrimination claims were dismissed on December 29, 2009, without prejudice for failure to exhaust administrative remedies.

6. Plaintiff's race discrimination, race harassment and retaliation claims were dismissed on September 27, 2010, with prejudice.

7. Plaintiff filed a second Charge of Discrimination with the EEOC in January of 2010.

8. Plaintiff completed an Intake Questionnaire on January 27, 2010, wherein he admitted that his last day of employment was January 28, 2008.

9. The EEOC did not perfect a Charge of Discrimination in January 2010 or thereafter regarding Plaintiff's claims.

10. The EEOC forwarded defendant a Notice of Charge Discrimination filed by Plaintiff. The Notice indicated Plaintiff was asserting claims of age discrimination, disability discrimination and retaliation.

11. The EEOC issued a Dismissal and Notice of Rights letter on March 25, 2010.

(Doc. 20-4).

---

the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

## LAW AND DISCUSSION

### Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(a).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor. *Coleman v. Houston Independent School District*, 113, F.3d 528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986). The non-movant's burden, however, is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. V. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

A plaintiff must exhaust administrative remedies before asserting a Title VII retaliation claim, a claim under the Americans with Disabilities Act, or a claim under

the Age Discrimination Employment Act. See, e.g., *Price v. Choctaw Glove & Safety Co., Inc.*, 459 F.3d 595, 598 (5th Cir. 2006) (noting that "[t]his circuit has long required plaintiffs to exhaust their administrative remedies before bringing suit under Title VII"); *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (noting that a plaintiff must exhaust administrative remedies before asserting a claim of retaliation under Title VII); *D.A. ex rel. Latasha A. V. Houston Independent School District*, 629 F.3d 450, 455 (5th Cir. 2010) (noting that "[u]nder the Age Act . . . a plaintiff must exhaust his administrative remedies before filing an action in the district court"); *White v. Frank*, 895 F.2d 243 (5th Cir. 1990) (holding that an ADEA plaintiff must exhaust administrative remedies before filing suit in federal district court").

"Exhaustion [of administrative remedies] occurs when the plaintiff files a *timely* charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996) (emphasis added). For a charge to be timely, "[a]n individual claiming discrimination in violation of Title VII must file a charge of discrimination with the EEOC within 300 days 'after the alleged unlawful employment practice occurred.'" *E.E.O.C. v. WC&M Enterprises, Inc.*, 496 F.3d 393, 398 (5th Cir. 2007) (quoting 42 U.S.C. §200e-5(e)(1). See also, *Tyler v. Union Oil Co. Of California*, 304 F.3d 379 (5th Cir. 2002) (noting that, under the ADEA, the

limitation period for filing an age discrimination charge with the EEOC is 300 days (citing 29 U.S.C. § 626(d))); *Ramirez v. City of San Antonio*, 312 F.3d 178 (5th Cir. 2002) (dismissing claim under the ADA because plaintiff did not file charge of discrimination within 300 days of the allegedly discriminatory act); *Ikossi-Anastasiou v. Board of Supervisors of Louisiana State University*, 579 F.3d 546, 552 (5th Cir. 2009) (finding that a charge of retaliation was timely because it was filed within 300 days of the alleged act of retaliation).

The undisputed facts establish for purposes of the present motion that plaintiff's last day of employment with defendant was January 28, 2008, yet the EEOC charge submitted in conjunction with the present claims was not filed until January of 2010. Because plaintiff's claims arise out of his employment with defendant, plaintiff's EEOC charge was filed approximately two years after the latest date on which the allegedly improper conduct could have occurred. Accordingly, the Court concludes that plaintiff's EEOC charge was not filed timely and plaintiff has thus failed to comply with a statutory pre-requisite to suit.

To the extent that the complaint might be construed as an attempt to re-assert claims based on the timely February 21, 2008 EEOC charge, the Court notes that those claims were dismissed in Civil Action 09-cv-195-CJB-SS. Plaintiff's retaliation claim was dismissed with prejudice and may not be resurrected in a new action alleging the same retaliation. The claims of age and disability discrimination were dismissed in that case without prejudice because plaintiff had not included those

claims in the original, timely EEOC charge. However, as noted *supra*, the window for filing timely EEOC charges relating to plaintiff's employment with defendant has long closed.

For all of the above reasons, the motion by defendant for summary judgment shall be granted.

**Motion for Sanctions**

Defendant asserts that Rule 11 sanctions should be rendered against plaintiff because plaintiff refused to withdraw his complaint after defendant informed plaintiff of the futility of filing the present action. Essentially, defendant asserts that, because this pro se plaintiff did not heed the advice of opposing counsel, he acted in "clear violation of the letter and spirit of Rule 11" (doc. 20-2, p. 14).

The Fifth Circuit has noted that a pattern of vexatious filings by a pro se litigant may constitute grounds for sanctions. See, e.g., *Lay v. Anderson*, 837 F.2d 231 (5th Cir. 1998); *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir. 1989) (*per curiam*), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990); *Mayfield v. Collins,* 918 F.2d 560 (5th Cir. 1990). Moreover, a district court may award attorneys' fees to a prevailing defendant in a civil rights case, "upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. V. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700 54 L.Ed.2d 648 (1974). However, "[t]he

imposition of a sanction without a prior warning is to be avoided." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

The Court finds no merit in defendant's argument that plaintiff's failure to believe or heed the warnings of defense counsel demonstrates that he acted in bad faith. The Court also notes that movants have not set forth any evidence suggesting that plaintiff has been previously warned that he may be subjected to sanctions. Moreover, Rule 11 specifically provides that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed.R.Civ.P. 11(c)(2). The present request for fees and costs fails to meet the procedural requirements of Rule 11(c)(2) because defendants failed to file a separate motion describing the specific conduct that allegedly violates Rule 11(b). See e.g., *Nelson v. Whirlpool Corp.*, 727 F.Supp.2d 1294, 1307 (S.C.Ala. 2010)(citing Rule 11(c)(2) and denying motion for sanctions and noting that the movant "did not file a separate motion devoted only to the subject of Rule 11"); *Greeney v. Center for Human Development, Inc.*, 725 F.Supp.2d 259, 264 (D.Mass. 2010) (denying motion for Rule 11 sanctions and noting that movant failed to "meet the stringent procedural requirements for Rule 11" because the motion was filed in conjunction with a motion to remand).

Accordingly, the motion for Rule 11 sanctions shall be denied. Plaintiff is, however, cautioned that future filings arising out of previously dismissed claims or

which set forth claims that are found to be frivolous, vexatious, unreasonable, or without foundation may result in the imposition of monetary sanctions against plaintiff.

## CONCLUSION

For all of the foregoing reasons, the motion by defendant, Louisiana Industries for the Disabled, for summary judgment and for sanctions under Rule 11 (doc. 20) is hereby **GRANTED** insofar as defendant seeks summary judgment in its favor, but **DENIED** insofar as defendant seeks Rule 11 sanctions against plaintiff.

Baton Rouge, Louisiana, April 19, 2011.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA